14 So.2d 738

## MEWHINNEY v. MONTGOMERY.

### 6 Div. 992.

Court of Appeals of Alabama.
Aug. 10, 1943.

Harvey M. Emerson, of Birmingham, for appellant.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Action by an architect against his employer to recover compensation alleged to be due for fees and charges for the preparation of plans and specifications and drawings for the building of certain houses in the City of Birmingham, Alabama.

The suit was brought in the intermediate Civil Court of Birmingham where plaintiff obtained a judgment against the defendant for the sum of $105 and costs of suit.

The defendant appealed from said judgment to the circuit court, where the case was tried de novo before the judge of the circuit court, sitting without a jury.

On August 11, 1942, the court rendered a final judgment upon said appeal, adjudging that plaintiff was not entitled to recover and assessing plaintiff with all the costs of said suit.

On September 8, 1942, plaintiff filed his motion for a new trial upon the thirteen grounds therein set out. This motion was duly and legally continued by the court to

238

October 10, 1942, when said motion was overruled and denied.

The appellant has appealed to this court and assigns as error the following:

"1. The Court erred in awarding a judgment to the Defendant in this cause.

"2. There was manifest error in the judgment entered in said cause in favor of the Defendant and against this Plaintiff.

"3. There is manifest error in the rulings on the evidence introduced in said cause.

"4. There was manifest error on the part of the Court in overruling and denying the motion of the Appellant for a new trial in said cause.

"5. There is manifest error in the failure on the part of the Court to give the Appellant a judgment in the amount sued for."

█ It is the opinion and judgment of this court that every question presented by this appeal is a question of fact. The case was tried, as stated, before the trial court without a jury, and the judgment and finding upon the testimony is due the same consideration and has the weight of a jury verdict. It is clearly established by the appellate courts of this State, that such a judgment should not be disturbed or set aside, unless clearly wrong.

█ We have read and considered all the testimony offered upon the trial in the court below. The trial court had the opportunity of seeing the witnesses and of observing their demeanor while testifying. After due consideration of all of the testimony we cannot say with any degree of assurance that the judgment of the trial court upon the testimony is wrong. Under these circumstances the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.